## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 21-** |
| v. | : | **DATE FILED:** |
| **GABRIEL RIVERA-OTERO** | : | **VIOLATIONS:** |
|     a/k/a "Carlos Vasquez," | | 21 U.S.C. § 841(a)(1), (b)(1)(A) |
|     a/k/a "Gustavo," | : | (possession with intent to distribute 400 |
| **ANGEL REYES-VALDEZ** | | grams or more of fentanyl – 3 counts) |
|     a/k/a "Abel Anton Alberto Nunez" | : | 21 U.S.C. § 856(a)(2) (maintaining a drug house – 2 counts) |
| | : | 18 U.S.C. § 922(g)(1) (possession of a firearm by a felon – 1 count) |
| | : | 8 U.S.C. § 1326(a), (b)(2) (reentry after deportation – 1 count) |
| | : | 18 U.S.C. § 2 (aiding and abetting) Notices of forfeiture |

## INDICTMENT

### COUNT ONE

**THE GRAND JURY CHARGES THAT:**

1.  On or about October 28, 2020, in Philadelphia, in the Eastern District of Pennsylvania, defendants

**GABRIEL RIVERA-OTERO,**
a/k/a "Carlos Vasquez,"
a/k/a "Gustavo," and
**ANGEL REYEZ-VALDEZ,**
a/k/a "Abel Anton Alberto Nunez,"

knowingly and intentionally possessed with intent to distribute, and aided and abetted the possession with intent to distribute, 400 grams or more, that is, approximately 6,015.2 grams, of a mixture and substance containing a detectable amount of N-phenyl-N- [1-(2-phenylethyl)-4-piperidinyl] propenamide ("fentanyl"), a Schedule II controlled substance.

2. It is further alleged that before defendant GABRIEL RIVERA-OTERO committed the offense charged in this count, defendant RIVERA-OTERO had a final conviction for a serious drug felony, that is, a conviction on or about April 18, 2012, in the United States District Court for the District of Delaware for conspiracy to possess with intent to distribute 100 grams or more of heroin, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B) and 846, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the offense charged in this count.

3. It is further alleged that before defendant ANGEL REYES-VALDEZ committed the offense charged in this count, defendant REYES-VALDEZ had a final conviction for a serious drug felony, that is, a conviction on or about June 9, 2005, in the United States District Court for the Eastern District of Pennsylvania for conspiracy to distribute 50 grams or more of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A) and 846, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the offense charged in this count.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

1. On or about October 28, 2020, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**GABRIEL RIVERA-OTERO,**
a/k/a "Carlos Vasquez,"
a/k/a "Gustavo,"

knowingly and intentionally possessed with intent to distribute 400 grams or more, that is, approximately 729.5 grams, of a mixture and substance containing a detectable amount of N-phenyl-N- [1-(2-phenylethyl)-4-piperidinyl] propenamide ("fentanyl"), a Schedule II controlled substance.

2. It is further alleged that before defendant GABRIEL RIVERA-OTERO committed the offense charged in this count, defendant RIVERA-OTERO had a final conviction for a serious drug felony, that is, a conviction on or about April 18, 2012, in the United States District Court for the District of Delaware for conspiracy to possess with intent to distribute 100 grams or more of heroin, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B) and 846, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the offense charged in this count.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A).

## COUNT THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

      1.      On or about October 28, 2020, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**ANGEL REYEZ-VALDEZ,**
**a/k/a "Abel Anton Alberto Nunez,"**

knowingly and intentionally possessed with intent to distribute 400 grams or more, that is, approximately 9547.2 grams, of a mixture and substance containing a detectable amount of N-phenyl-N- [1-(2-phenylethyl)-4-piperidinyl] propenamide ("fentanyl"), a Schedule II controlled substance.

      2.      It is further alleged that before defendant ANGEL REYES-VALDEZ committed the offense charged in this count, defendant REYES-VALDEZ had a final conviction for a serious drug felony, that is, a conviction on or about June 9, 2005, in the United States District Court for the Eastern District of Pennsylvania for conspiracy to distribute 50 grams or more of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A) and 846, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the offense charged in this count.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A).

## COUNT FOUR

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about October 28, 2020, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**GABRIEL RIVERA-OTERO,**
a/k/a "Carlos Vasquez,"
a/k/a "Gustavo,"

managed and controlled a residence located at 3502 North Philip Street, Philadelphia, Pennsylvania, as a lessee and occupant, and knowingly and intentionally rented, leased, and made available for use this residence for the purpose of unlawfully manufacturing, storing, and distributing a controlled substance, that is, heroin, a Schedule I controlled substance, and N-phenyl-N- [1-(2-phenylethyl)-4-piperidinyl] propenamide ("fentanyl"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 856(a)(2).

## COUNT FIVE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about October 28, 2020, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**ANGEL REYES-VALDEZ,**
**a/k/a "Abel Anton Alberto Nunez,"**

managed and controlled a residence located at 4243 Hellerman Street, Philadelphia, Pennsylvania, as a lessee and occupant, and knowingly and intentionally rented, leased, and made available for use this residence, for the purpose of unlawfully manufacturing, storing, and distributing a controlled substance, that is, heroin, a Schedule I controlled substance, and N-phenyl-N- [1-(2-phenylethyl)-4-piperidinyl] propenamide ("fentanyl"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 856(a)(2).

## COUNT SIX

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about October 28, 2020, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**ANGEL REYES-VALDEZ,**
**a/k/a "Abel Anton Alberto Nunez,"**

knowing he had previously been convicted in the U.S. District Court for the Eastern District of Pennsylvania of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, that is, a Sig Sauer, model P239, .357 caliber semi-automatic pistol, bearing serial number SBU027655, loaded with 6 live rounds of .357 caliber ammunition; and that firearm was in and affecting interstate and foreign commerce.

In violation of Title 18, United States Code, Section 922(g)(1).

## COUNT SEVEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about October 28, 2020, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**ANGEL REYES-VALDEZ,
a/k/a "Abel Anton Alberto Nunez,"**

an alien and native and citizen of the Dominican Republic, who had previously been deported and removed from the United States on or about January 24, 2007, February 7, 2013, and July 15, 2014, was found in the United States, having knowingly and unlawfully reentered the United States without first applying to the Attorney General of the United States and his successor, the Secretary for Homeland Security (Title 6, United States Code, Sections 202(3), (4) and 557), for permission to reapply for admission, and without receiving in response the express consent of the Attorney General and his successor to reapply for admission.

In violation of Title 8, United States Code, Section 1326(a), (b)(2).

## NOTICE OF FORFEITURE 1

**THE GRAND JURY FURTHER CHARGES THAT:**

As a result of the violation of Title 18, United States Code, Section 922(g)(1), set forth in this indictment, defendant

**ANGEL REYES-VALDEZ,**
**a/k/a "Abel Anton Alberto Nunez,"**

shall forfeit to the United States of America all firearms and ammunition involved in the commission of, such violation, including but not limited to:

1. A Sig Sauer, model P239, .357 caliber semi-automatic pistol, bearing serial number SBU027655; and

2. Six live rounds of .357 caliber ammunition.

All pursuant to Title 18, United States Code, Section 924(d), made applicable by Title 28 United States Code, Section 2461(c).

## NOTICE OF FORFEITURE 2

**THE GRAND JURY FURTHER CHARGES THAT:**

      1.     As a result of the violations of Title 21, United States Code, Sections 841(a)(1) and 856(a)(2), set forth in this indictment, defendants

**GABRIEL RIVERA-OTERO,**
a/k/a "Carlos Vasquez,"
a/k/a "Gustavo," and
**ANGEL REYEZ-VALDEZ,**
a/k/a "Abel Anton Alberto Nunez,"

shall forfeit to the United States of America:

     a)     any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations; and

     b)     any property constituting, or derived from, proceeds obtained, directly or indirectly, from the commission of such violations, including, but not limited to: $90,260 in United States currency seized from 4243 Hellerman Street, Philadelphia, Pennsylvania on October 28, 2020.

      2.     If any of the property subject to forfeiture, as a result of any act or omission of the defendants:

     a)     cannot be located upon the exercise of due diligence;

     b)     has been transferred or sold to, or deposited with, a third party;

     c)     has been placed beyond the jurisdiction of the Court;

     d)     has been substantially diminished in value; or

     e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property subject to forfeiture.

All pursuant to Title 21, United States Code, Section 853.

**A TRUE BILL:**

███████████████

**JENNIFER ARBITTIER WILLIAMS**
**Acting United States Attorney**

No. _____

# UNITED STATES DISTRICT COURT

*Eastern District of Pennsylvania*

**Criminal Division**

THE UNITED STATES OF AMERICA

vs.

GABRIEL RIVERA-OTERO
a/k/a "Carlos Vasquez"
a/k/a "Gustavo"

ANGEL REYES-VALDEZ
a/k/a "Abel Anton Alberto Nunez"

INDICTMENT

Counts
21 U.S.C. § 841(a)(1), (b)(1)(A) (possession with intent to distribute 400 grams or more of fentanyl – 3 counts)
21 U.S.C. § 856(a)(2) (maintaining a drug house – 2 counts)
18 U.S.C. § 922(g)(1) (possession of a firearm by a felon – 1 count)
8 U.S.C. § 1326(a), (b)(2) (reentry after deportation – 1 count)
18 U.S.C. § 2 (aiding and abetting)
Notices of forfeiture

████████████████████████████

*Filed in open court this_____ day,*

*of_____ A.D. 20_____*

_____
Clerk

Bail, $_____